**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EDDIE WILLIAMS,** | : | **No. 3:25-cv-633** |
| | : | |
| **Plaintiff** | : | **(Caraballo, M.J.)** |
| | : | |
| **v.** | : | |
| | : | |
| **FRANK J. BISIGNANO,[1] Commissioner of Social Security Administration,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

## I. Introduction

Plaintiff Eddie Williams seeks judicial review of the final decision of the Commissioner of Social Security (the "Commissioner") denying his application for disability insurance benefits under Title II and supplemental security income ("SSI") benefits under Title XVI of the Social Security Act. The Court has jurisdiction pursuant to Title 42, United States Code, Section 405(g), and Title 28, United States Code, Section 636(c).

[1] Frank Bisignano was confirmed as the Commissioner of the Social Security Administration on May 6, 2025. Under Federal Rule of Civil Procedure 25(d) and Section 405(g), Bisignano is substituted for Leland Dudek as the defendant.

Williams alleges two primary errors that Administrative Law Judge ("ALJ") Donald Neely committed when determining Williams was not disabled under the Social Security Act: (1) ALJ Neely's decision is not supported by substantial evidence because jobs identified at Step Five are obsolete and/or conflict with Williams's residual functional capacity; and (2) the Social Security Appeals Council (the "Appeals Council") improperly rejected new and material evidence. Doc. 14 at 1. The matter is fully briefed and ripe for decision.

As explained below, ALJ Neely's conclusion on the first issue was supported by substantial evidence in the record, coupled with sufficient reasoning to permit meaningful judicial review. Further, remand to the Commissioner based on evidence that was presented for the first time to the Appeals Council is not warranted in this case. Accordingly, the Court will affirm the Commissioner's decision to deny Williams's claims for social security disability and SSI benefits.

## II. Background[2]

On May 24, 2023, Williams applied for social security disability and SSI benefits, alleging disability as of November 1, 2022, due to a broken ankle, schizophrenia, depression, and insomnia. Tr. 298. The Social Security Administration ("SSA") denied Williams's applications on January 3, 2024, *id.* at 122-26, and again upon reconsideration on February 26, 2024. *Id.* at 129-30. Williams accordingly requested a hearing on March 5, 2024. *Id.* at 136-37. The SSA granted the request, *id.* at 156-58, and held an administrative hearing on October 29, 2024. *Id.* at 33-62.

Following the hearing, on January 3, 2025, ALJ Neely issued a decision concluding that Williams was not disabled. *Id.* at 15-26. Williams appealed to the Appeals Council on January 16, 2025. *Id.* at 229-30. The Appeals Council denied his request on February 19, 2025. *Id.* at 1–4. The instant appeal followed. Doc. 1. The Commissioner provided the record on June 17, 2025. Doc. 13. The parties then filed

---

[2] As the parties and the Court are well-acquainted with the facts underlying this appeal, the Court only provides a brief summary of the procedural history, and addresses the pertinent facts in the discussion below.

their respective briefs, Docs. 14; 18; 19, leaving this matter ripe for decision.

## III. Discussion

### A. Standard of Review

Review of the Commissioner's decision denying a claimant's application for social security disability benefits is limited to determining whether the factual findings of the final decisionmaker are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008). Substantial in this context is "more than a mere scintilla of evidence but may be less than a preponderance." *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988) (citation omitted). Put more pointedly, it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In an adequately developed record, this can mean "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision]

from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n.*, 383 U.S. 607, 620 (1966) (citations omitted).

Under this deferential standard, "[f]actual findings which are supported by substantial evidence must be upheld." *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012) (citations omitted); 42 U.S.C. § 405(g). This Court's role is not to re-weigh the evidence and make factual determinations, but to simply review the record and ensure that the ALJ provided "a discussion of the evidence and an explanation of reasoning for her conclusion sufficient to enable meaningful judicial review." *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009) (citations and quotations omitted). An ALJ meets that standard by stating "in her decision which evidence she has rejected and which she is relying on as the basis for her finding." *Schaudeck v. Comm'r of SSA*, 181 F.3d 429, 433 (3d Cir. 1999) (citations omitted). Moreover, when there is countervailing evidence, an ALJ must "give some reason for discounting the evidence she rejects." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (citation omitted); *see also* *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993) (holding that substantial evidence

standard is unmet when the ALJ fails to resolve conflicts created by countervailing evidence).

Here, ALJ Neely's factual findings were supported by substantial evidence in the record, and the reasoning underlying those conclusions was sufficiently articulated to permit judicial review.

**B. The ALJ's Step Five Determination**

**a.** ***The positions are not obsolete.***

Williams first contends that ALJ Neely's Step Five determination is not supported by substantial evidence because two of the three jobs he identified—addresser and document preparer—are obsolete. Doc. 14 at 5. The Commissioner responds that the vocational expert satisfied the heightened evidentiary requirements imposed by the SSA's Emergency Message ("EM") 24027. Doc. 18 at 11-13 (citing EM-24027 REV, https://secure.ssa.gov/apps10/reference.nsf/links/01062025092030AM (last accessed Sept. 23, 2026)).

At Step Five, the Commissioner bears the burden of showing that the claimant can perform work that exists in significant numbers in the national economy. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007). EM-24027 further instructs that ALJs may not rely on

certain jobs at Step Five for a finding of "not disabled" without additional vocational expert testimony describing the occupation as it is currently performed. *See* EM-24027 REV. If the ALJ intends to rely on jobs identified in the EM-24027, the ALJ must solicit additional testimony from the vocational expert to establish that, "as the occupation is currently performed: [i]ts requirements are consistent with the individual's RFC, and [i]t exists in the national economy in numbers that alone, or in combination with work in other cited occupations, are significant." *Id.* Two jobs identified by ALJ Neely in this case, addresser and document preparer, are listed in EM-24027.

Here, the Court concludes that ALJ Neely satisfied the requirements of EM-24027.[3] At the evidentiary hearing, the vocational expert identified the positions noted above as jobs an individual with Williams's limitations could perform. Tr. 59. She then provided additional testimony regarding the jobs and their consistency with the Dictionary of Occupational Titles (the "DOT"), stating that, while the

[3] The Court stresses that it "is not the proper authority to assess the types of jobs [Williams] could perform and how many positions exist in the national economy." *Medranda v. O'Malley*, 2024 WL 4100567, at *8 (S.D.N.Y. 2024). That assessment was properly made by ALJ Neely, and the Court reviews his determination solely to ensure that it is supported by substantial evidence.

positions remain at a specific vocational preparation level 2, "the technology has changed." *Id.* at 60. More expansively, the vocational expert testified that the document preparer role replaced microfiche with scanners, and the addresser role uses computers in lieu of typewriters. *Id.* The vocational expert testified that she relied on her experience, education, and publications in the field to make this determination. *Id.*

ALJ Neely explicitly relied on the vocational expert's testimony to conclude that Williams could perform these jobs and was "not disabled" under Step Five. Tr. 26. Although Williams asserts this testimony failed to establish consistency with the DOT because the vocational expert did not identify the specific publications she relied upon, "courts have found in similar circumstances that a VE's experience is a sufficient basis on which an ALJ may rely in determining whether these jobs, as currently performed, permit a finding of 'not disabled' at Step 5." *Mcginty v. Bisignano*, 2026 WL 1413553, at *8 (M.D. Pa. 2026) (collecting cases establishing reliance on vocational expert testimony, including the vocational expert's experience, as sufficient to comply with EM-24027).

**b.** ***No unresolved conflicts warrant remand.***

Williams also alleges that three unresolved conflicts warrant remand. First, Williams contends that a conflict exists between ALJ Neely's determination that Williams can perform "simple, routine, repetitive work," and the reasoning level 3 jobs of ticket checker and document preparer. Doc. 14 at 7-8. The Commissioner responded that Third Circuit precedent rejects a *per se* approach "to whether an inherent conflict exists between a job requiring level 3 reasoning and a finding that a claimant should be limited to simple, routine tasks and unskilled work." *Zirnsak v. Colvin*, 777 F.3d 607, 618 (3d Cir. 2014). The correct approach asks whether any "failure to inquire about or reconcile a conflict caused any harm to the claimant," considering the extent to which: (1) the claimant seriously argues he is incapable of performing the job; (2) the record establishes the claimant can perform the job; and (3) the claimant's counsel identified inconsistencies between the vocational expert's testimony and the DOT at the hearing. *Id.* at 618-19.

Here, ALJ Neely satisfied "his affirmative obligation to inquire about inconsistencies" by asking the vocational expert the extent to

which her testimony was consistent with the DOT. Tr. 60; Zirnsak, 777 F.3d at 617; *see also* Wandaliz A. v. Bisignano, 2026 WL 1999553, at *10 (E.D. Pa. 2026). The vocational expert, in response, identified no inconsistencies between the occupations' required reasoning levels and the hypothetical individual the ALJ described. Tr. 60. Further, Williams's counsel failed to raise the issue during the hearing, and Williams did not address these factors in his reply brief. Doc. 19. Thus, "any error [was] not so obvious that [ALJ Neely] should have pursued the question." Zirnsak, 777 F.3d at 618-19 (quoting Simpson v. Astrue, 2011 WL 1883124, at *7 (E.D. Pa. 2011) (additional citations omitted)). Accordingly, remand is unwarranted on this basis.

Williams next alleges that a conflict exists between his ability to perform the job of document preparer and its aptitude for a "variety of duties." Doc. 14, at 8. The Court rejects this argument, as the DOT does not contemplate aptitude levels. *See* Burns v. Barnhart, 312 F.3d 113, 128 (3d Cir. 2002) ("[A]ptitude levels are not in the DOT or any other source of which the Social Security Administration has taken administrative notice."). Additionally, EM-21065 places adjudicators on notice that such evidence is not considered for purposes of a Step Five

determination. *See* EM-21065 REV 2, https://secure.ssa.gov/apps10/reference.nsf/links/01062025085235AM (last accessed Sept. 23, 2026). Accordingly, the Court finds no apparent conflict.

Third, Williams contends that it is "unclear" if his use of a cane would conflict with the role of ticker checker, which "requires 'constant' handling, reaching and fingering." Doc. 14 at 8. When questioned by Williams's attorney, the vocational expert clarified that all occupations could be performed while sitting or standing, but not by an individual who required a cane for standing. Tr. 60. Relying on the vocational expert's testimony and the medical record, ALJ Neely determined that Williams "can frequently balance but needs a cane for ambulation around the workplace. However, there is no indication [Williams] would require a cane to alternate between sitting and standing." Tr. 23. Thus, the Court finds no conflict between the role of ticket checker and Williams's use of a cane while walking.

In sum, ALJ Neely appropriately relied on the occupations of document preparer, addresser, and ticket checker in determining that a significant number of jobs (approximately 31,500) exists in the national economy. *See* *Young v. Astrue*, 519 F. App'x 769, 772 (3d Cir. 2013)

(holding that vocational expert testimony that "20,000 jobs were available in the national economy is sufficient to support a finding that work exists in significant numbers"). Accordingly, the Court finds no Step Five error warranting reversal or remand.

**C. Evidence Before the Appeals Council**

Finally, Williams challenges the Appeals Council's denial of his request for review, contending that the "rejection is not substantially supported and warrants remand for adequate evaluation of the submitted new evidence." Doc. 14, at 10.

In performing its substantial evidence review, the Court may only consider evidence that was presented to the ALJ. *Ficca v. Astrue*, 901 F. Supp. 2d 533, 544 (M.D. Pa. 2012). Evidence not before the ALJ may, however, be considered to determine whether remand is warranted under sentence six of Section 405(g). *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). Pursuant to Section 405(g),

> The court ... may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]

In other words, "[t]he court may remand the case to the Commissioner under sentence six if three requirements are met: (1) the evidence is new; (2) the evidence is material; and (3) and there is good cause for why the claimant did not present the evidence to the ALJ." *Byers v. Bisignano*, 2026 WL 267454, at *2 (M.D. Pa. 2026) (citing *Matthews*, 239 F.3d at 593). "A Plaintiff seeking sentence six remand bears the burden of establishing each of these elements." *Fegley v. Colvin*, 2015 WL 1636045, at *3 (M.D. Pa. 2015).

The evidence at issue here is a medical note written by Dr. William F. Littlefield, D.O., of the Polyclinic Kline Health Center, on January 2, 2025. Tr. 69. The note was documented one day prior to the issuance of ALJ Neely's January 3, 2025, decision. Tr. 15-26. Dr. Littlefield wrote that, following an evaluation for chronic left ankle pain, Williams was subject to the following restrictions: "[n]o standing for greater than 1 hour"; "[n]o activities that require squatting"; and "[n]o lifting items greater than 5 pound." Tr. 69.

Assuming, for the sake of argument, that Dr. Littlefield's note satisfies the first two requirements (*i.e.*, that it is new and material), Williams is not entitled to a sentence six remand because he has not

met his burden for the third requirement: good cause for not presenting the letter to the ALJ.

Good cause necessitating a sentence six remand "requires some justification for the failure to acquire and present such evidence to the Secretary." *Szubak v. Sec'y of Health & Hum. Servs.*, 745 F.2d 831, 834 (3d Cir. 1984) (internal citation and quotation marks omitted). This is so because "claimants should generally be afforded only one fair opportunity to demonstrate eligibility for benefits under any one set of circumstances." *Id.* "[A] remand for 'new evidence' without requiring some justification for not having offered the evidence at the initial hearing would turn the procedure into an informal, end-run method of appealing an adverse ruling by the Secretary." *Id.* As the Court of Appeals aptly noted, adopting such a standard "would open the door for claimants to withhold evidence from the ALJ in order to preserve a reason for remand." *Matthews*, 239 F.3d at 595.

Williams contends that good cause exists because Dr. Littlefield's note did not exist prior to the hearing before ALJ Neely. Doc. 14 at 11-12. While it is true that the note postdates the hearing, that does not necessarily mean Williams had good cause for failing to obtain it

earlier. "[I]t is a well-established principle that mere failure to obtain evidence before the ALJ made a determination when it could have been obtained does not amount to 'good cause.'" Simonson v. Berryhill, 2017 WL 5632691, at *4 (M.D. Pa. 2017).

Williams was evaluated by physicians at the Kline Health Center on numerous occasions from May 2023 to August 2024. *See, e.g.*, Tr. 765, 769, 773, 779, 784, 789, 792, 797, 802, 806, 811, 814, 817, 831, 840, 848, 857, 862, 866. Notwithstanding, Williams provides no explanation for his failure to request an evaluation and opinion of this nature prior to the October 2024 hearing. *See* Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 360 (3d Cir. 2011) (claimant lacking good cause when she failed to explain "why she did not attempt to obtain [the] evaluation[s] at a time when [they] could be considered by the ALJ") (quotations and citations omitted). In fact, when questioned by ALJ Neely on the completeness of the record during the hearing, Williams's attorney stated, "it's my understanding the file is complete." Tr. 36.

Although Dr. Littlefield's note did not exist at the time of the hearing, the Court, after considering the record, does not find good cause for Williams's failure to obtain that examination and opinion in

advance of the hearing. Sentence six remand is, therefore, not permitted.

## IV. Conclusion

For the reasons set forth above, the Court will **AFFIRM** the Commissioner's decision and **DENY** the Plaintiff's request for relief. A separate order shall follow.

Date: September 25, 2026

***s/ Phillip J. Caraballo***
Phillip J. Caraballo
United States Magistrate Judge